IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEROME KNASINSKI and JANET KNASINSKI, <br><br> Plaintiffs, <br><br> vs. <br><br> AIR & LIQUID SYSTEMS CORPORATION, a/k/a BUFFALO PUMPS, INC., et. al., <br><br> Defendants. | Case No. 3:14-cv-00399-JPG-SCW |

## MEMORANDUM AND ORDER

This matter coming before the Court on Plaintiffs' Stipulation of Dismissal as to Defendant Burnham LLC (Doc. 258); Notice of Dismissal as to Defendant Burnham LLC (Doc. 257); Plaintiffs' Stipulation of Dismissal as to Defendant Cleaver-Brooks Inc. (Doc. 260); Notice of Dismissal as to Defendant Cleaver-Brooks Inc. (Doc. 259); Plaintiffs' Stipulation of Dismissal as to Defendant Velan Valve Corps. (Doc. 262); and Notice of Dismissal as to Defendant Velan Vale Corps. (Doc. 261) pursuant to Fed.R.Civ.P. 41(a)(1)(A)(i) and 41(a)(1)(A)(ii).

Federal Rule of Civil Procedure 41(a)(1)(A) provides that a plaintiff may voluntary dismiss an action without a court order by filing:

"(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
(ii) a stipulation of dismissal signed by all parties who have appeared."

It is noted that the Plaintiffs filed both a notice and stipulation – neither of which is sufficient under Fed.R.Civ.P. 41(a)(1)(A). Under Fed.R.Civ.P. 41(a)(1)(A)(i), the notice of dismissal must be submitted prior to the opposing party filing either an answer or a motion for summary judgment. Defendants Velan Valve Corp., Burnham LLC, and Cleaver-Brooks filed

Answers to Complaint on April 21, 2014 (Doc. 94). As such, the notice of dismissal was not file prior to the Defendants filing answers.

A stipulation for dismissal Fed.R.Civ.P. 41(a)(1)(A)(ii) is required to be signed by all parties who have appeared. Plaintiffs' Stipulations against the Defendants is only signed by the Plaintiffs.

As such, Plaintiffs' Stipulation of Dismissal as to Defendant Burnham LLC (Doc. 258); Notice of Dismissal as to Defendant Burnham LLC (Doc. 257); Plaintiffs' Stipulation of Dismissal as to Defendant Cleaver-Brooks Inc. (Doc. 260); Notice of Dismissal as to Defendant Cleaver-Brooks Inc. (Doc. 259); Plaintiffs' Stipulation of Dismissal as to Defendant Velan Valve Corps. (Doc. 262); and Notice of Dismissal as to Defendant Velan Vale Corps. (Doc. 261) are **STRICKEN**.

It is noted that the Plaintiffs can proceed with a Motion for Dismissal against these Defendants pursuant to Fed.R.Civ.P. 41(a)(2).

The Court also notes that Plaintiffs' Response (Doc. 256) to Show Cause Order (Doc. 239) states that Defendants Georgia-Pacific LLC, Ingersoll-Rand Company and Trane U.S. Inc. Motion (Doc. 34) for a More Definite State and FRCP 12(B0(6) Motion to Dismiss Count V should be denied as moot based upon a "stand-down agreement." Defendants Georgia-Pacific LLC, Ingersoll-Rand Company and Trane U.S. Inc. can Motion to Withdraw or Stay the Court's consideration of the motion, but the Court cannot deem the motion moot until the claims against these defendants are resolved or a proper motion is before the Court.

**IT IS SO ORDERED.**

**DATED:** 10/29/2014              s/J. Phil Gilbert
                                   **J. PHIL GILBERT**
                                   **DISTRICT JUDGE**